UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No.: 3:23-cv-763

JOSHUA BROOME and wife,
KIMBERLY BROOME,

                Plaintiffs,

vs.

Custom Truck One Source Forestry Equipment, LLC AKA FEVA FORESTRY EQUIPMENT OF VA [formerly known as UTILITY ONE SOURCE FORESTRY EQUIPMENT LLC], CUSTOM TRUCK ONE SOURCE, L.P., Terex Corporation, Terex USA, LLC, Terex South Dakota, Inc., TEREX-TELELECT, INC., AND TEREX UTILITIES, INC.,

                Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Terex Corporation, Terex USA, LLC ("Terex USA"), Terex South Dakota, Inc. ("Terex South Dakota"), Terex-Telelect, Inc. ("Terex-Telelect")[1], and Terex Utilities, Inc. ("Terex Utilities") (collectively, the "Terex Defendants") respectfully file this Notice of Removal of *Joshua Broome and wife, Kimberly Broome v. Custom Truck One Source Forestry Equipment, LLC aka FEVA Forestry Equipment of VA [formerly known as Utility One Source Forestry Equipment LLC], Custom Truck One Source, L.P., Terex Corporation, Terex USA, LLC, Terex South Dakota, Inc., Terex-Telelect, Inc., and Terex Utilities, Inc.*, No. 22-CVS-2822, which is pending in the General Court of Justice, Superior

---

[1] Terex-Telelect is no longer an active entity; it changed is name to Terex South Dakota, Inc.—another co-defendant—on August 1, 2011.

Court Division, County of Gaston, North Carolina to the United States District Court for the Western District of North Carolina. This Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1441, *et seq.*, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Moreover, the remaining Defendants, Custom Truck One Source Forestry Equipment, LLC and Custom truck One Source, L.P. (collectively, the "Custom Truck Defendants"), consent to this removal.

## PROCEDURAL AND FACTUAL BACKGROUND

1. On August 19, 2022, Plaintiffs filed an action captioned *Joshua Broome and wife, Kimberly Broome v. Custom Truck One Source Forestry Equipment, LLC aka FEVA Forestry Equipment of VA [formerly known as Utility One Source Forestry Equipment LLC]* in the General Court of Justice, Superior Court Division, County of Gaston, North Carolina. A true and correct copy of the original Complaint (the "Original Complaint") is attached as Exhibit A.

2. On October 10, 2023, Plaintiffs filed an Amended Complaint adding Custom truck One Source, L.P. and the Terex Defendants as Defendants. The Terex Defendants were served with the Amended Complaint on October 12, 2023. A true and accurate copy of the Summons to the Terex Defendants and the Amended Complaint are attached as Exhibit B and Exhibit C, respectively.

3. In the Original and Amended Complaint, Plaintiffs allege that on October 16, 2020, Plaintiff Joshua Broome was standing in the bucket of the boom of a Terex XT-60 High Ranger Aerial Lift unit mounted to his work truck while trimming trees in Taylors, South Carolina. (Orig. Compl. ¶ 6; Am. Compl. ¶¶ 20-21.)

4. Plaintiffs then allege that when the Terex boom and bucket were extended out across the cab of the truck, the Terex lift detached from the truck, causing the boom and bucket to

2

collapse and Plaintiff Joshua Broome to fall more than 45 feet to the ground. (Orig. Compl. ¶ 7; Am. Compl. ¶ 21.)

5. As a result of the fall, Plaintiff Joshua Broome allegedly: (1) "sustained serious physical injuries to his person"; (2) "incurred substantial medical expenses in the treatment of his injury"; (3) "lost time from his employment causing a loss of wages and ultimately a loss of earning capacity"; (4) "suffered severe pain and trauma and will suffer future pain and trauma;" and (5) "suffered permanent disability." (Orig. Compl. ¶ 10(a)–(e); Am. Compl. ¶ 48(a)–(e).)

6. Moreover, Plaintiff Kimberly Broome allegedly "has suffered loss of society, companionship, comfort, support, and affection of her husband." (Orig. Compl. ¶ 11; Am. Compl. ¶ 35.[2])

7. In the Amended Complaint, Plaintiffs allege against the Terex Defendants claims of: (1) negligence (Am. Compl. ¶¶ 26–28); (2) Chapter 99B products liability for their alleged failure to warn of substantial risks of harm involved with the use of the XT-60 Lift (*id.* ¶¶ 39–44); and (3) Chapter 99B products liability for their alleged inadequate and negligent design of the XT-60 Lift. (*Id.* ¶¶ 45–48, 35–38.[3])

## DOCUMENTS FILED WITH REMOVAL

8. As noted above, true and correct copies of the Original Complaint, Summons, and Amended Complaint are attached hereto as Exhibit A, Exhibit B, and Exhibit C, respectively, pursuant to 28 U.S.C. § 1446(a).

---

[2] The paragraphs were erroneously misnumbered in the Amended Complaint in that they reset to ¶ 35 after ¶ 48 on page 9. Accordingly, this allegation pertains to the "second" ¶ 35, which directly follows ¶ 48.

[3] *See supra* footnote 2.

9. No other process, pleadings, orders, or other documents have been served upon any of the Terex Defendants as of this date, and none of the Terex Defendants have filed any other motions nor served any other documents as of this date.

**THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PLAINTIFFS AND ALL DEFENDANTS**

10. Complete diversity of citizenship exists between all Plaintiffs and all Defendants as required by 28 U.S.C. §§ 1332 (a)(1).

11. Upon information and belief, Plaintiffs are citizens and residents of Gaston County, North Carolina. (*See* Orig. Compl. ¶ 1; Am. Compl. ¶ 1.)

12. Terex Corporation is incorporated in the State of Delaware, with its principal place of business in the State of Connecticut. Therefore, Terex Corporation is a citizen of Delaware and Connecticut for the purposes of diversity jurisdiction.

13. Terex USA is a limited liability company whose sole member is Terex Corporation. Therefore, Terex USA, like Terex Corporation, is a citizen of Delaware and Connecticut for the purposes of diversity jurisdiction.

14. Terex Utilities is a corporation incorporated in the State of Oregon, with its principal place of business in the State of South Dakota. Therefore, Terex Utilities in a citizen of Oregon and South Dakota for the purposes of diversity jurisdiction.

15. Terex South Dakota—formerly, Terex-Telelect[4]—is a corporation incorporated in the State of Delaware, with its principal place of business in the State of South Dakota. Therefore, Terex South Dakota (formerly Terex-Telelect) is a citizen of Delaware and South Dakota for the purposes of diversity jurisdiction.

---

[4] *See supra* footnote 1.

16. Per counsel for the Custom Truck Defendants, Custom Truck One Source, L.P. is a Delaware Limited Partnership whose general and limited partners are all Delaware entities. Per counsel for the Custom Truck Defendants, the identities and citizenships of Custom Truck One Source, L.P.'s partners are as follows:

    a. NESCO Holdings II, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Indiana. Therefore, NESCO Holdings II, Inc. is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

    b. Utility One Source, GP, LLC, is a Delaware Limited Liability Company whose sole member is NESCO Holdings II, Inc. Therefore, Utility One Source, GP, LLC is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

    c. CTOS Blocker I, L.P. is a Delaware Limited Partnership whose limited partner is NESCO Holdings II, Inc. and whose general partner is CTOS Blocker GP I, LLC, a Delaware limited liability company. CTOS Blocker GP I, LLC's sole member is NESCO Holdings II, Inc. Therefore, CTOS Blocker I, L.P. is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

    d. CTOS Blocker II, L.P. is a Delaware Limited Partnership whose limited partner is NESCO Holdings II, Inc. and whose general partner is CTOS Blocker GP II, LLC, a Delaware limited liability company. CTOS Blocker GP II, LLC's sole member is NESCO Holdings II, Inc. Therefore, CTOS Blocker II, L.P. is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

Therefore, Custom Truck One Source, L.P. is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

17. Per counsel for the Custom Truck Defendants, Custom Truck One Source Forestry Equipment, LLC is a Delaware Limited Liability Company whose sole member is CTOS, LLC, a Delaware Limited Liability Company whose sole owner is Defendant Custom Truck One Source, L.P., described above in Paragraph 16. Therefore, Custom Truck One Source Forestry Equipment, LLC is a citizen of Delaware and Indiana for the purposes of diversity jurisdiction.

18. Accordingly, diversity of citizenship exists between all Plaintiffs and all Defendants, as no Defendant is a citizen of the State of North Carolina for the purposes of diversity jurisdiction.

**THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 – THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19. Each Plaintiff prays for damages in an amount in excess of $25,000, plus interest, bringing their combined prayer for damages to an amount in excess of $50,000. (Orig. Compl. at p.3, ¶¶ 1–2 of the *ad damnum* clause; Am. Compl. at p.9, ¶¶ 1–2 of the *ad damnum* clause.)

20. Specifically, Plaintiff Joshua Broome alleges that he was in the bucket with the boom extended while trimming trees, when the lift detached from the truck, causing the boom to collapse and Plaintiff to fall more than 45 feet to the ground. (Orig. Compl. ¶¶ 6-7.)

21. Upon information and belief, Plaintiff Joshua Broome fractured both arms and underwent surgery to the right arm which involved the implanting of a metal plate; he sustained multiple rib fractures, a lacerated lip, broken dentures, a concussion, migraine headaches, and memory loss.

22. As a result of the fall, Plaintiff Joshua Broome alleges that he sustained significant damages, including: (1) "serious physical injuries to his person"; (2) "substantial medical expenses

6

in the treatment of his injury"; (3) "lost time from his employment causing a loss of wages and ultimately a loss of earning capacity"; (4) "severe pain and trauma and will suffer future pain and trauma;" and (5) "permanent disability". (Orig. Compl. ¶ 10(a)–(e); Am. Compl. ¶ 48(a)–(e).)

23. Undersigned counsel has been licensed to practice law for 27 years, during which time he has defended more than 1,000 personal injury matters. In his experience, a plaintiff who is injured from a significant impact – such as falling more than 45 feet to the ground – who alleges serious physical injuries including multiple fractures, surgery, concussion with memory loss, substantial medical expenses, lost time from his employment with loss of wages, loss of earning capacity, past severe pain and trauma, future pain and trauma, and permanent disability, is almost certain to seek to recover an amount in excess of $50,000. (*See* Affidavit of Paul Osowski attached hereto as Exhibit D.)

24. Moreover, Plaintiff Kimberly Broome alleges that she "has suffered loss of society, companionship, comfort, support, and affection of her husband" in support of her claim in excess of $25,000. (Orig. Compl. *¶ 11; Am. Compl.* ¶ 35.[5])

25. Plaintiffs also seek punitive damages from all Defendants. (Am. Compl. ¶¶ 37-38.)

26. Therefore, upon information and belief, Plaintiffs' alleged damages are in excess of $75,000, which is the jurisdictional amount in controversy required under 28 U.S.C. § 1332.

27. Removal under 28 U.S.C. § 1441 is therefore appropriate because this is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1). The amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship exists between Plaintiffs and Defendants. *See* 28 U.S.C. §§ 1332 (a)(1), 1441.

---

[5] *See supra* note 2—this allegation pertains to the "second" ¶ 35.

7

## THE REMOVAL IS TIMELY

28. The Original Complaint, which was filed on August 19, 2022, was initially removable by Custom Truck One Source Forestry Equipment, LLC, as there was complete diversity between it and Plaintiffs.

29. As discussed above, Custom Truck One Source Forestry Equipment, LLC is a citizen of Delaware and Indiana for the purposes of diversity. (*See supra* ¶ 17.)

30. Therefore, Plaintiffs and the Custom Truck One Source Forestry Equipment, LLC were diverse as of the filing of the initial action.

31. In the Original Complaint, each Plaintiff prayed for damages in an amount in excess of $25,000, plus interest, bringing their combined prayer for damages in an amount in excess of $50,000. (Orig. Compl. at 6, ¶¶ 1–2 of the *ad damnum* clause.)

32. Plaintiff Joshua Broome also alleged that, as a result of the fall, he sustained significant damages, including: (1) "serious physical injuries to his person"; (2) "substantial medical expenses in the treatment of his injury"; (3) "lost time from his employment causing a loss of wages and ultimately a loss of earning capacity"; (4) "severe pain and trauma and will suffer future pain and trauma;" and (5) "permanent disability". (*Id.* ¶ 10(a)–(e).)

33. Moreover, Plaintiff Kimberly Broome alleged that she "suffered loss of society, companionship, comfort, support, and affection of her husband." (*Id.* ¶ 11.)

34. As discussed above, upon information and belief, Plaintiffs alleged damages in excess of $75,000 as of the filing of the Original Complaint.

35. Therefore, the action was removable by the Custom Truck One Source Forestry Equipment, LLC as of the date of the filing of the Original Complaint.

36. Under 28 U.S.C., § 1446(c)(1), "[a] case may not be removed *under subsection (b)(3)* on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action." 28 U.S.C., § 1446(c)(1) (emphasis added).

37. Under subsection (b)(3), "if the case stated by the initial pleading *is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C., § 1446(b)(3) (emphasis added).

38. Thus, the plain language of the statute reveals that 28 U.S.C., § 1446(c)(1)'s one-year removal requirement only applies when the action was not initially removable under 28 U.S.C., § 1446(b)(3), which is not the case here.[6]

39. In addition, this Notice of Removal is filed within 30 days of receipt by the Terex Defendants of the pleading setting forth the claim for relief *against the Terex Defendants*, as required by 28 U.S.C. § 1446(b)(1).[7]

---

[6] While no court within the Fourth Circuit has ruled on this, courts from other circuits support this interpretation. See *Brierly v. Aluisuisse*, 184 F.3d 527, 535 (6th Cir. 1999) (holding that the one-year limitation applies only to cases not initially removable); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir.1998) (concluding that, "[a]lthough the scant legislative history regarding Section 1446(b) is not completely without ambiguity," when read in its entirety, the provision requires an interpretation that the one-year limitation applies solely to cases that are not initially removable for lack of diversity of parties); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir.1998) (reaching the same conclusion, and noting that "the most sound reading of a sentence will refer its limiting clause back to the antecedent clause to which it is attached, and not to other paragraphs or sentences in the statute"); *Paradise Motors, Inc. v. Toyota de Puerto Rico Corp.*, 249 F. Supp. 2d 698, 701–02 (D.V.I. 2003) (same); *Zogbi v. Federated Dep't Store*, 767 F.Supp. 1037, 1039–40 (C.D .Cal.1991) (same); *Greer v. Skilcraft*, 704 F.Supp. 1570, 1582 (N.D.Ala.1989) (same).

[7] While 30 days from the receipt of service of the Amended Complaint technically falls on Saturday, November 11, 2023, this deadline rolls over to Monday, November 13, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

40. Therefore, removal of this action is timely.

**ALL DEFENDANTS CONSENT TO AND JOIN IN REMOVAL**

41. Undersigned counsel has conferred with counsel for the Custom Truck Defendants and confirmed that the Custom Truck Defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

**VENUE OF THIS REMOVAL IS PROPER**

42. The United States District Court for the Western District of North Carolina includes the county in which the state court action is now pending (Gaston County). *See* 28 U.S.C. § 113(a).

43. Venue of this removal is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, removal to this Court is appropriate under 28 U.S.C. § 1446(a).

**FILING AND SERVICE OF REMOVAL**

44. A copy of this Notice of Removal is being served on Plaintiffs' Counsel and filed with the General Court of Justice, Superior Court Division, County of Gaston, North Carolina, pursuant to 28 U.S.C. § 1446(d).

**PRESERVATION OF RIGHTS**

45. By removing this action to this Court, the Terex Defendants do not waive any defenses, objections or motions available to it under state or federal law. The Terex Defendants expressly reserve the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

46. If any question arises as to the propriety of this removal, the Terex Defendants request the opportunity to conduct discovery or briefing as to any disputed issues and to present oral argument in support of its position that this action is properly removable.

**WHEREFORE**, Defendants Terex Corporation, Terex USA, LLC, Terex South Dakota, Inc., Terex-Telelect, Inc., and Terex Utilities, Inc. hereby remove the above-captioned action from the General Court of Justice, Superior Court Division, County of Gaston, North Carolina, to the United States District Court for the Western District of North Carolina.

Respectfully submitted this the 13th day of November, 2023.

/s/Paul J. Osowski
Paul J. Osowski
N.C. State Bar No. 23423
David L. Blue
N.C. State Bar No. 57829
Nelson Mullins Riley & Scarborough, LLP
301 South College Street, 23rd Floor
Charlotte, NC 28202-6041
Ph: (704) 417-3000
Email: paul.osowski@nelsonmullins.com
Email: david.blue@nelsonmullins.com

*Attorneys for Terex Corporation, Terex USA, LLC, Terex South Dakota, Inc., Terex-Telelect, Inc., and Terex Utilities, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served a copy of the foregoing document upon counsel of record via CM/ECF and first-class postage-prepaid mail to the following:

>Heather P. Hodge
>Knox, Brotherton, Knox & Godfrey,
>P.O. Box 30848
>Charlotte, North Carolina 28239-0848
>Email: hphodge@knowlawcenter.com
>*Attorney for Plaintiffs*

>Janelle Lyons
>Cranfill Sumner LLP
>2907 Providence Road, Suite 200
>Charlotte, NC 28211
>P.O. Box 30787
>Charlotte, NC 28230
>E-mail: mylons@cshlaw.com
>*Attorney for Defendants Custom Truck One Source Forestry Equipment, LLC and Custom truck One Source, L.P.*

This the 13th day of November, 2023.

>/s/Paul J. Osowski_____
>Paul J. Osowski