## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## Civil No.: 3:23-cv-00763-GCM

JOSHUA BROOME and wife,
KIMBERLY BROOME,
                      Plaintiffs,

vs.

Custom Truck One Source Forestry Equipment, LLC AKA FEVA FORESTRY EQUIPMENT OF VA [formerly known as UTILITY ONE SOURCE FORESTRY EQUIPMENT LLC], CUSTOM TRUCK ONE SOURCE, L.P., and Terex South Dakota, Inc.,
                      Defendants.

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiffs, Joshua Broome and Kimberly Broome, and Defendants, Custom Truck One Source Forestry Equipment, LLC, Custom Truck One Source, L.P., and Terex South Dakota, Inc. (collectively, the "Parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Consent Protective Order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.     The purpose of this Order is to protect actual trade secret information, private security information, and confidential business information (collectively, "Confidential Material") and will not be used for suppression or secretion of evidence.

2.     "Confidential Material" means any type of information which is designated orally, in writing, or on the record as "Confidential Material," whether it be a document, thing, testimony, or information revealed in an interrogatory answer or otherwise. A Party may designate a document as "Confidential Material" by affixing the word "Confidential" in a conspicuous place

1

on the first page of any copies of the documents supplied to the other Party, but the producing Party need not make such marking upon inspection by the other Party's counsel prior to copying.

3. All such Confidential Material shall be used solely for purposes of the action styled *Joshua Broome and wife, Kimberly Broome v. Custom Truck One Source Forestry Equipment, LLC, AKA Feva Forestry Equipment of VA [formerly known as Utility One Source Forestry Equipment LLC], Custom Truck One Source, L.P., and Terex South Dakota, Inc.*, civil number 3:23-cv-00763-GCM, pending in the United States District Court for the Western District of North Carolina, Statesville Division ("Action"), and not for purposes of any other litigation or for any business or other purpose whatsoever.

4. Confidential Material may be disclosed only to the following persons:

   (a) The attorneys of record for the parties in the Action;

   (b) The salaried employees, partners, and/or legal assistants of the attorneys of record in the Action who have a need to know in connection with their assignments with respect to this case. Execution of this Order by counsel of record for any Party shall constitute a representation by him/her that all such persons in or employed by his/her firm or legal department shall observe this Order;

   (c) Any bona fide expert (other than a Party, or a director, officer, agent, principal, shareholder, or employee of a Party) who is expressly retained by the attorneys of record to assist in preparation of the action for trial whether or not such other attorney or expert is compensated for such services;

   (d) The following persons to the extent each is required by the attorney of record for such Party to testify in, or to work directly on, the Action:

   - Any Party,

2

- Any director, officer, agent, principal, shareholder, or employee of a Party, and

- Any employee or representative of an insurance company or third-party administrator for a Party;

(e) The Court having jurisdiction over the action, including disclosure to the trier of fact at the time of any trial in the Action to the extent that such disclosure is otherwise proper under the rules governing admissibility of evidence. This includes attendant Court personnel; mediators, arbitrators, court reporters and videographers.

(f) Others by Consent or Motion. Other persons only by written consent of the producing party or upon motion and order of the Court and on such conditions as may be agreed or ordered.

5. The persons described above in subparagraphs (a) – (f) are enjoined from disclosing Confidential Material except in conformance with this Order. Such persons shall not retain any Confidential Material beyond the time necessary for use in this Action. No Confidential Material shall be disclosed to persons described in subparagraph (c) until such persons have agreed in writing to be bound by the terms of this Order pursuant to "Attachment A." Within 90 days of the conclusion of this litigation, upon request from the producing Party, a non-producing Party who received Confidential Material shall provide a list of all persons described in subparagraph (c) that have been provided with or reviewed Confidential Material.

6. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

3

Pursuant to Local Rule 6.1(c), a party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to Local Rule 7.1. Such motion must be filed under the designation "Motion to Seal." The motion must set forth:

(i) A non-confidential description of the material sought to be sealed;

(ii) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

(iii) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

(iv) **Supporting statutes, case law, or other authority.** To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

8. The ultimate disposition of Confidential Material, or any other protected materials, shall be subject to a final order of the court upon completion of this litigation.

**SO ORDERED.**

Dated: 28 MAY 24

Graham C. Mullen
United States District Court Judge

**WE SO CONSENT:**

**KNOX LAW CENTER**

*/s/ Heather P. Hodge*
Heather P. Hodge
Knox Law Center
905 E. 7th Street
Charlotte, NC 28204
T: (704) 498-4483
Email: hphodge@knoxlawcenter.com

*Attorney for Plaintiffs*

**CRANFILL SUMNER LLP**

*/s/ Janelle Lyons*
Janelle Lyons, N.C. Bar No. 35421
Cranfill Sumner LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
Tel: (704) 940-3444
Email: mlyons@cshlaw.com

*Attorney for Defendant Custom Truck One Source Forestry Equipment, LLC and Custom Truck One Source, L.P.*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Paul J. Osowski*
Paul J. Osowski, N.C. State Bar No. 23423
David L. Blue, N.C. State Bar No. 57829
101 South Tryon Street, Suite 3600
Charlotte, North Carolina 28280
Tel: (980) 256-6300
Email: posowski@bakerdonelson.com
Email: dblue@bakerdonelson.com

*Attorneys for Defendant Terex South Dakota, Inc.*

5

## Attachment A

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil No.: 3:23-cv-00763-GCM**

| | |
|---|---|
| JOSHUA BROOME and wife, KIMBERLY BROOME,<br>                                      Plaintiffs,<br>vs.<br>Custom Truck One Source Forestry Equipment, LLC AKA FEVA FORESTRY EQUIPMENT OF VA [formerly known as UTILITY ONE SOURCE FORESTRY EQUIPMENT LLC], CUSTOM TRUCK ONE SOURCE, L.P., and Terex South Dakota, Inc.,<br>                                      Defendants. | |

I, _____, do hereby acknowledge that I have received a copy of the "CONSENT PROTECTIVE ORDER" (the "Order") that was entered in the above referenced case, with respect to the manner in which confidential discovery materials disclosed or made available in the course of the above referenced proceeding is to be treated by me.

I state that: (1) I have read and understand the Order and I hereby represent, warrant and agree that I will abide by the Order; (2) I will use the information or documents disclosed to me in connection with the above referenced proceeding pursuant to the terms of the Order; (3) upon the final resolution of the above referenced proceeding, I will destroy or return all such information and documents to the person or persons from whom I have received them; and (4) I consent to personal jurisdiction in the United States District Court for the Western District of North Carolina in the event any party or other person seeks to enforce any claim that I have failed to abide by the terms of the Order.

Signature of Declarant: _____